UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS J. CENCICH,

        Petitioner,

v.

MAGGIE MILLER-STOUT,

        Respondent.

CASE NO. C10-5164 BHS

ORDER DENYING PETITIONER'S MOTION FOR AN INDICATIVE ORDER

This matter comes before the Court on Nicholas J. Cencich's ("Cencich") motion for an indicative order (Dkt. 50). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL & FACTUAL BACKGROUND

Cencich filed a habeas corpus petition challenging his custody under a state court judgment and sentence. The Honorable Karen L. Strombom, United States Magistrate Judge, issued a Report and Recommendation (R&R), recommending denying the petition. Dkt. 40. The Court adopted the R&R and denied the petition. Dkt. 41. The

ORDER - 1

Court also denied a certificate of appealability. *Id*. Cencich filed a notice of appeal. Dkt. 44. Cencich also filed a motion to vacate the order denying the petition. Dkt. 46. The Court struck the motion to vacate, finding Cencich's notice of appeal divested the Court of jurisdiction to consider the motion. Dkt. 47. The Ninth Circuit subsequently denied a certificate of appealability, terminating Cencich's appeal.

On January 22, 2013, Cencich filed the instant motion for an indicative order pursuant to Fed. R. Civ. P. 62.1. Dkt. 50. On January 25, 2013, Respondent Maggie Miller-Stout replied in opposition to the motion. Dkt. 51.

## II. DISCUSSION

Fed. R. Civ. P. 62.1 is entitled "Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal." *See* Fed. R. Civ. P. 62.1. Fed. R. Civ. P. 62.1 provides:

> (a) If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Based upon the text of the rule, the purpose of Fed. R. Civ. P. 62.1 is to allow the district court to inform the circuit court that the district court may have granted relief on an underlying motion if a notice of appeal had not divested the district court of

jurisdiction.  *See* Fed. R. Civ. P. 62.1(b); *see also* Fed. R. App. P. 12.1(a).  This rule allows the party to notify the circuit court during the pendency of the appellate proceedings that a remand may be proper to allow the district court to rule on the underlying motion. Fed. R. App. P. 12.1(a).  The circuit court may then remand to allow the district court to rule on the underlying motion. Fed. R. App. P. 12.1(b); Fed. R. Civ. P. 62.1(c).[1]

Here, Cencich has no pending motions filed with this Court during a pending appeal to the Ninth Circuit.  The Ninth Circuit has already terminated Cencich's appeal by denying a certificate of appealability.  Since the appeal has already terminated, and the Ninth Circuit has already determined this Court's ruling was neither debatable, nor wrong, there is no basis for a Rule 62.1 motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that Cencich's motion for an indicative order (Dkt. 50) is **DENIED**.

Dated this 26th day of February, 2013.

BENJAMIN H. SETTLE
United States District Judge

---

[1] The Advisory Committee Notes to Fed. R. Civ. P. 62.1 explain that the rule was adopted for the purposes of providing a clear procedure for district courts to follow whenever *any motion is filed* that the district court cannot grant because of a *pending appeal*.