UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS J. CENCICH,

        Petitioner,

   v.

MAGGIE MILLER-STOUT,

        Respondent.

CASE NO. C10-5164 BHS

ORDER DENYING MOTION TO VACATE

This matter comes before the Court on Petitioner Nicholas J. Cencich's ("Cencich") motion to vacate (Dkt. 45). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

On March 3, 2010, Cencich filed a petition for habeas relief. Dkt. 7. On September 6, 2012, Magistrate Judge Karen L. Strombom issued a Report and Recommendations ("R&R") recommending denial of Cencich's petition, noting that objections to the R&R were due by September 21, 2012. Dkt. 40.

On September 25, 2012, after a complete review of the R&R and the remaining record and finding no objections, the Court adopted Judge Strombom's R&R denying Cencich's petition for writ of habeas corpus. Dkt. 41. On October 22, 2012, Cencich filed a notice of appeal regarding the Court's order adopting the R&R and the subsequently entered judgment (Dkts. 41 and 42). *See* Dkt. 44.

On November 30, 2012, Cencich filed a motion for relief from the Court's entry of judgment on the same orders he was appealing to the Ninth Circuit. Dkt. 46. On December 4, 2012, the Court entered an order striking Cencich's motion for relief from entry of judgment, finding that the Court was divested of jurisdiction due to the appeal filed by Cencich. *See* Dkt. 47. On December 19, 2012, the Ninth Circuit issued a mandate denying Cencich's certificate of appealability. Dkt. 49.

On September 23, 2013, Cencich filed the instant motion for relief from the Court's order striking his motion for relief from entry of judgment, requesting, in part, that the Court renote his "original FRCP Rule 60 motion to vacate the Court's order denying habeas relief" (*see* Dkts. 46 and 47). Dkt. 54 at 2.

As noted above, Cencich filed his "original" motion to vacate during the pendency of his appeal to the Ninth Circuit on the same orders he sought to vacate. Despite Cencich's contentions to the contrary, the Court neither had jurisdiction to hear his initial motion to vacate (Dkt. 46) nor was it required to wait for the issuance of the Ninth Circuit's mandate denying his request for a certificate of appealibility to rule on a motion over which it clearly lacked jurisdiction. Dkt. 54 at 2-4. Furthermore, though Cencich insists that his objections have merit and were not heard, when the Ninth Circuit issued

1 the mandate denying Cencich's certificate of appealability, it found that pursuant to 28
2 U.S.C. § 2253(c)(2) Cencich failed to make a substantial showing of the denial of a
3 constitutional right.  Dkt. 49.  A petitioner must also demonstrate that reasonable jurists
4 could debate whether, or agree that, the petition should have been resolved in a different
5 manner or that the issues presented were adequate to deserve encouragement to proceed
6 further.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Thus, it was Cencich's burden to
7 include his objections to the R&R with his request for certificate of appealability to the
8 Ninth Circuit, if he deemed them necessary to show that he was denied his constitutional
9 rights such that his petition warranted further review. Whether he included those
10 objections or not, the Ninth Circuit found that Cencich did not meet his burden and
11 therefore denied his certificate of appealability.
12      Therefore, it is hereby **ORDERED** that Cencich's motion to vacate is **DENIED**.
13 No further pleadings will be accepted in the matter.
14      Dated this 4th day of December, 2013.

BENJAMIN H. SETTLE
United States District Judge