UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS J. CENCICH,

    Petitioner,

v.

MAGGIE MILLER-STOUT,

    Respondent.

CASE NO. C10-5164 BHS

ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

This matter comes before the Court on the Ninth Circuit's order remanding the case for the limited purpose of determining whether a certificate of appealability should issue for Petitioner Nicholas J. Cencich's ("Cencich") appeal of his post-judgment motions for relief, which "appear to arise from the denial of [his] motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) in this habeas proceeding." Dkt. 60 at 1. Indeed, Cencich appears to seek appellate review of multiple post-judgment motions. *See* Dkt. 58 (Notice of Appeal referencing Dkts. 42, 47, 52, 55, and 57). Based upon a review of the record and for the reasons set forth below, the Court declines to issue a certificate of appealability.

## I. PROCEDURAL & FACTUAL BACKGROUND

Because Cencich is challenging multiple post-judgment motions on appeal, the Court will recite the background of his case addressing those motions and related orders.

On March 3, 2010, Cencich filed a petition for habeas relief. Dkt. 7. On September 6, 2012, Magistrate Judge Karen L. Strombom issued a Report and

ORDER - 1

Recommendations ("R&R") recommending denial of Cencich's petition, noting that objections to the R&R were due by September 21, 2012. Dkt. 40.

On September 25, 2012, after a complete review of the R&R and the remaining record and finding no objections, the Court adopted Judge Strombom's R&R denying Cencich's petition for writ of habeas corpus and a certificate of appealability. Dkt. 41. On October 22, 2012, Cencich filed a notice of appeal regarding the Court's order adopting the R&R and the subsequently entered judgment (Dkts. 41 and 42). *See* Dkt. 44.

On November 30, 2012, Cencich filed a motion for relief from the Court's entry of judgment on the same orders he was appealing to the Ninth Circuit. Dkt. 46. On December 4, 2012, the Court entered an order striking Cencich's motion for relief from entry of judgment, finding that the Court was divested of jurisdiction due to the appeal filed by Cencich. *See* Dkt. 47. On December 19, 2012, the Ninth Circuit issued a mandate denying Cencich's certificate of appealability. Dkt. 49.

On September 23, 2013, Cencich filed a motion for relief from the Court's order striking his motion for relief from entry of judgment, requesting, in part, that the Court renote his "original FRCP Rule 60 motion to vacate the Court's order denying habeas relief" (*see* Dkts. 46 and 47). Dkt. 54 at 2.

On December 4, 2013, the Court denied Cencich's motion to vacate for the reasons set forth below:

> Cencich filed his "original" motion to vacate during the pendency of his appeal to the Ninth Circuit on the same orders he sought to vacate. Despite Cencich's contentions to the contrary, the Court neither had jurisdiction to hear his initial motion to vacate (Dkt. 46) nor was it required to wait for the issuance of the Ninth Circuit's mandate denying his request for a certificate

> of appealability to rule on a motion over which it clearly lacked jurisdiction. Dkt. 54 at 2-4. Furthermore, though Cencich insists that his objections have merit and were not heard, when the Ninth Circuit issued the mandate denying Cencich's certificate of appealability, it found that pursuant to 28 U.S.C. § 2253(c)(2) Cencich failed to make a substantial showing of the denial of a constitutional right.  Dkt. 49. …. Thus, it was Cencich's burden to include his objections to the R&R with his request for certificate of appealability to the Ninth Circuit, if he deemed them necessary to show that he was denied his constitutional rights such that his petition warranted further review. Whether he included those objections or not, the Ninth Circuit found that Cencich did not meet his burden and therefore denied his certificate of appealability.

Dkt. 55 at 2-3.

On December 29, 2013, Cencich filed a motion to amend or alter judgment and order striking his motion for relief from judgment and enter findings of fact pursuant to Fed. R. Civ. P. 59(e) and 52(b) (Dkt. 47). Dkt. 56. On January 24, 2013, the Court denied his motion for the following reasons:

> In contravention of the Court's prior order denying Cencich's motion to vacate, which explicitly stated that "No further pleading will be accepted in the matter" (Dkt. 55 at 3), Cencich filed the instant motion. Had the Court not prohibited further filings in this case, the instant motion would still be denied as untimely and likely improper for other reasons. *See* Fed. R. Civ. P. 59(e) and 52(b) (requiring motions be filed within 28 days after entry of judgment). In this case, judgment was entered on September 26, 2012 (Dkt. 42), not on December 4, 2013, which is the date of the Court's last order (Dkt. 55).

Dkt. 57 at 1-2.

## II.   DISCUSSION

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional

right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In this case, the Court finds that Cencich's motions for post-judgment relief do not make a substantial showing of the denial of a constitutional right. This conclusion is supported by our reasoning in the orders referenced above, which includes the Ninth Circuit's order denying a certificate of appealability regarding Cencich's appeal of the Court's order adopting Judge Strombom's unopposed R&R and denying him a certificate of appealability (Dkt. 49). Further, Cencich's submissions do not contain factual or legal argument from which this Court can conclude that he presents legal issues which deserve encouragement to proceed further.

### III.   ORDER

Therefore, the Court **DECLINES** to issue a certificate of appealability.

Dated this 3rd day of March, 2014.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4